IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-10683
Summary Calendar

_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

CARLOS CARO,

                                        Defendant-Appellant.

- - - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:00-CR-179-2-Y
- - - - - - - - - - -
January 30, 2002

Before DAVIS, BENAVIDES, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

    Carlos Caro appeals his conviction and sentence for possession with intent to distribute five kilograms or more of cocaine.  He argues that the evidence was insufficient to support his conviction.  To establish possession with intent to distribute cocaine, the Government must prove beyond a reasonable doubt that the defendant (1) knowingly (2) possessed the cocaine (3) with intent to distribute it.  United States v. Medina, 161

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

F.3d 867, 873 (5th Cir. 1998), cert. denied, 526 U.S. 1043 (1999).

Although Caro correctly points out that his actions in relation to the Ford Taurus in which the cocaine was hidden[**] could be construed as legal activity, i.e., looking in the shopping bags for something, the totality of the circumstances suggested illegal activity. The police knew from their confidential source that the home at which Caro was staying belonged to Billy Arredondo, whose source of narcotics was a Mexican male living in Irving, Texas. Caro is a male who was living in Irving Texas, and the Taurus bore Mexican plates. Agent Gonzalez had already arranged to purchase narcotics from Arredondo. Although the deal was not completed, he had been inside Arredondo's home where he was shown several kilograms of cocaine and he noticed a strong odor of marijuana. Arredondo's common law wife, Erica Sotelo, testified that the Taurus was not the car in which Caro initially arrived on August 5, and that it was not at her house when she went to bed after midnight on August 8, the date the Taurus arrived. Caro and Saenz were the only two who entered or seemed to be familiar with the Taurus, and some of their belongings were inside of it. Other than the money or the cocaine found in the Taurus' secret compartment, nothing retrieved from the Taurus fit the description of the

---

[**] Some of the cocaine was found inside the house, but Caro's argument in this court relates only to the cocaine found in the Taurus.

rectangular object covered with the blue shirt, which Caro's girlfriend carried from their truck to the Taurus and which Caro placed inside the Taurus. The keys to the Taurus were found inside a pair of jeans in the truck that Caro and Saenz were driving. Caro was wearing jeans and a blue shirt when he returned to Arredondo's house on August 8, but later changed into yellow shorts to go to the lake, indicating that the jeans found in the truck were his.

Considering the evidence in the light most favorable to the Government with all reasonable inferences and credibility choices made in support of the verdict, United States v. Ivy, 973 F.2d 1184, 1188 (5th Cir. 1992), the evidence at trial was sufficient to establish knowing possession.

AFFIRMED.